UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TONY PIACENTE,

                            Plaintiff,                     ANSWER AND
                                                     COUNTERCLAIMS

      against -

INTERNATIONAL UNION OF BRICKLAYERS &amp;        11 CIV 01458 (VB)
ALLIED CRAFTWORKERS, INTERNATIONAL UNION     ECF CASE
OF BRICKLAYERS &amp; ALLIED CRAFTWORKERS
LOCAL #5 NEW YORK, MICHAEL J. CLIFFORD,
individually and in his capacities as a member of
INTERNATIONAL UNION OF BRICKLAYERS &amp;
ALLIED CRAFTWORKERS LOCAL #5 NEW YORK
and as a Trustee of the several funds of Local 5 and MANUEL
VALENTE, individually and in his capacities as a member
of the INTERNATIONAL UNION OF BRICKLAYERS &amp;
ALLIED CRAFTWORKERS LOCAL #5 NEW YORK and
as trustee of the several funds of Local 5,

                            Defendants.

---

      Defendants, International Union of Bricklayers & Allied Craftworkers ("BAC"),

International Union of Bricklayers & Allied Craftworkers Local #5 New York ("Local

5"), Michael J. Clifford ("Clifford") and Manuel Valente ("Valente"), by their attorneys,

Gellert & Klein, P.C. as and for their Answer and Counterclaims to the Complaint of

plaintiff, Tony D. Piacente ("Piacente"), allege upon information and belief as follows:

1.      Defendants deny that Plaintiff's Exhibit 1 referenced in Paragraph 1 of the

Complaint is the Disciplinary Order ("Disciplinary Order") dated July 6, 2010 and aver

that the Disciplinary Order is included as part of Plaintiff's Exhibit 3.  The remainder of

Paragraph 1 states legal conclusions to which no response is required.  To the extent a

response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and the same are, therefore, denied.

2.      Paragraphs 2, 3, 5 and 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and the same are, therefore, denied.

3.      Defendants deny paragraph 4 of the Complaint with regard to the injunctive relief sought by plaintiff.

4.      Defendants admit the allegations contained in paragraphs 7, 8, 9, 10, 11, 12 and 13, but to the extent these paragraphs allege or imply any wrongdoing by defendants, the allegations are denied.

5.      Defendants admit the allegations contained in paragraph 14 except deny plaintiff was Regional President to the International, and to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

6.      Defendants admit the allegations contained in paragraph 15 but to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

7.      Defendants admit the allegations in paragraph 16 but aver that the full territorial jurisdiction of the Local is set forth in the language of the Labor Agreement, attached as Exhibit A hereto, Article 5, pages 15-16.

8.      Defendants admit the allegations contained in paragraphs 17 but to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

9.      Defendants deny that Exhibit 2 referenced in paragraph 18 of the Complaint is a copy of the Charges and aver the Charges are attached hereto as Exhibit B.  Defendants also deny that the charge letter was "allegedly postmarked on June 13, 2009."

10.     Defendants admit the allegation in paragraph 19 that charges were preferred by defendant Clifford but aver the Charges are a written instrument and refer the Court to the document for its terms, conditions and legal effect.

11.     Defendants deny the allegations set forth in paragraphs 20, 21 and 23 of the Complaint as a mischaracterization of the Charges.  Defendants aver the Charges are a written instrument and refer the Court to the document for its terms, conditions and legal effect.

12.     Defendants deny the allegations set forth in paragraph 22 of the Complaint.

13.     Defendants deny the allegations set forth in paragraphs 24, 25, 27 and 28 of the Complaint as mischaracterizations of the December 14, 2009 Order of the International's Executive Board ("Trial Order").  Defendants deny that Exhibit 3 of the Complaint is the Trial Order.  Defendants aver the Trial Order is a written instrument and refer the Court to the document for its terms, conditions and legal effect. The Trial Order is attached to the Complaint as Plaintiff's Exhibit 2.

14.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

15.     Defendants admit the allegations set forth in paragraph 29, 30 and 31 of the Complaint, but to the extent these paragraphs allege or imply any wrongdoing by defendants, the allegations are denied.

16.     Defendants admit the allegations set forth in the first paragraph numbered 32 and aver that despite the contents of that letter, informing plaintiff his "not receiving

evidentiary materials from BAC Local 5 New York is not a basis for an adjournment or postponement of the hearing," an adjournment was in fact granted from January 21, 2010 until January 28, 2010.

17.     Defendants admit the allegations set forth in the second paragraph numbered 32, but to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

18.     Defendants admit the allegations as set forth in paragraph 33 of the Complaint but to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

19.     Defendants deny the allegations set forth in paragraphs 34, 35, 36 and 37 of the Complaint as mischaracterizations of the Hearing.   Defendants aver the Hearing was recorded by reporter and the transcript of that Hearing is included as Defendants' Exhibit C hereto and refer the Court to the Transcript for its content.

20.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

21.     Defendants admit the allegations contained in paragraphs 39 and 40 but aver that the bar from office was limited in duration to five years.   To the extent these paragraphs allege or imply any wrongdoing by defendants, the allegations are denied.

22.     Defendants deny the allegations set forth in paragraph 41 of the Complaint as a mischaracterization of the process and aver Piacente filed an appeal on August 2, 2010, BAC sent Piacente notice of opportunity to appear before the Board of Trial and Appeals of the Executive Board of BAC ("BoTA"),  either in person, or in writing on August 20, 2010; Piacente appeared in writing via letter dated September 2, 2010; BoTA denied Piacente's appeal on September 9, 2010 and the BAC informed Piacente of that denial on

September 10, 2010; through counsel, Piacente appealed the PoTA decision to the Committee on Review and Appeals of the 2010 BAC Convention ("Committee"); the Committee considered Piacente's appeal on September 13 and 14, 2010; the Committee recommended to the Convention as a whole that Piacente's appeal be denied; and the Convention voted to accept the Committee's recommendation on September 16, 2010; Piacente was notified of the Committee's denial of his appeal by letter dated September 27, 2010.  BAC documents supporting the allegations contained in this paragraph are attached as Exhibit D.

23.     Defendants repeat and reallege every answer to paragraphs 1 through 41 as if fully set forth herein in response to paragraph 42 of the Complaint.

24.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

25.     Defendants deny the allegations set forth in paragraph 44 of the Complaint and aver that plaintiff himself was unsworn during the hearing and he made extensive statements on his own behalf while questioning witnesses.

26.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

27.     Defendants deny the allegations set forth in paragraph 46 of the Complaint and refer the Court to the findings of Judge Cathy Seibel after a hearing on plaintiff's Order to Show Cause held March 4, 2011 at the United States District Court in White Plains, New York.  The relevant portion of the transcript of that hearing is attached as Exhibit E hereto.

28.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

29.     Defendants admit the allegations contained in paragraphs 48 and 49 but to the extent these paragraphs allege or imply any wrongdoing by defendants, the allegations are denied.

30.     Defendants admit the allegation contained in paragraph 50 that a challenge was made to the plaintiff's nomination, but to the extent this paragraph alleges or implies any wrongdoing by defendants, the allegations are denied.

31.     Defendants deny the allegations set forth in paragraph 51 of the Complaint and aver that plaintiff's name was never on the ballot and refer the Court to the letter from Local 5's election committee so notifying Piacente of this fact included as Plaintiff's Exhibit 6.

32.     Defendants admit the allegations contained in paragraphs 52, 53 and 54 but to the extent these paragraphs allege or imply any wrongdoing by defendants, the allegations are denied.

33.     Defendants deny the allegations set forth in paragraphs 55, 56, 57, 58, 59 and the second paragraph numbered 53 of the Complaint.

34.     Defendants repeat and reallege every answer to paragraphs 1 through 59 as if fully set forth herein in response to paragraph 60 of the Complaint.

35.     Defendants deny the allegations set forth in paragraphs 61, 62 and 63 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiff's request for an order preliminarily enjoining elections held on March 5,

2011 is moot.

3.      This Court lacks subject matter jurisdiction over Plaintiff's request for

preliminary injunction.

4.      Plaintiff has failed to exercise his sole remedy under the 29 USC §§ 481-483 and

his claim is therefore not ripe for review by this Court.


WHEREFORE, the Defendants pray that judgment enter as follows:

A. That all claims brought against it by the Plaintiff be dismissed;

B. That the Plaintiff take nothing in this action, that judgment enter on behalf of the Defendants,

together with attorneys fees, costs and interest;

C. That Defendants be granted such further relief as this Court deems just and proper


COUNTERCLAIMS

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this action under Section

502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(e)(1), and, with respect to the claims arising under § 501(a) of the Labor-

Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 501(a),

original jurisdiction also lies under 28 U.S.C. §§ 1331 and 1337. This Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and over

any federal claims asserted herein insofar as there is no independent original federal question jurisdiction over those claims.

2.      Venue lies in this District under Section 301(c) of the LMRA, Section 502(e)(2) of ERISA, and 28 U.S.C. § 1391(b), because (i) one or more individual named parties, including plaintiff Tony D. Piacente, reside in this District; (ii) the employee benefit fund whose fiduciary is being sued is administered in this District; and (iii) BAC represents members in this District.

## PARTIES

3.      Defendant INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS ("BAC") is an international labor organization representing employees in industries affecting commerce. BAC has approximately 125 local union affiliates, including Local 5. BAC is headquartered in Washington, D.C., and represents members in this judicial district. Defendant BAC is, and at all times relevant to this action has been, a "labor organization" within the meaning of 29 U.S.C. § 152(5) and 29 U.S.C. § 402(i). The BAC Constitution, Rules of Order and Codes ("Constitution"), which is a contract between and among BAC, its constituent local labor organizations, and their members and officers, authorizes BAC to sue for itself and in a representational capacity. In particular, the BAC Constitution authorizes BAC to "bring suit and to assume the costs of any legal actions in which the International Union becomes involved … with full authority to bind in such suit all members of the International." BAC brings this action to protect its own interests and the interests of its members and its affiliated local unions.

4.      Defendant INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 5 NEW YORK ("Local 5") is a local labor organization affiliated with BAC that currently represents approximately 665 employees in industries affecting commerce. Defendant Local 5 is, and at all times relevant to this action has been, a "labor organization" within the meaning of 29 U.S.C. § 152(5) and 29 U.S.C. § 402(i). Local 5 brings this action to protect its own interests and the interests of its members.

5.      Defendant MANUEL VALENTE ("Valente") is a natural person residing in the New York County of Westchester.  At all times relevant to this action, Valente has been a member, officer and employee of Local 5, and he has served as Local 5's President since September 1, 2008.   As a member of Local 5, Valente is also a participant in the Local 5 Joint Apprenticeship and Training Committee ("Fund" or "JATC").  At all times relevant to this action, Valente also served as a trustee on the board of trustees of the Fund, and therefore is a fiduciary with respect to the Fund. Valente sues on his own behalf, on behalf of Local 5 and, with respect to the ERISA claims, as a fiduciary of the Fund within the meaning of ERISA.

6.      Defendant MICHAEL CLIFFORD ("Clifford") is a natural person residing in the New York County of Orange.  At all times relevant to this action, Clifford has been a member, officer and employee of Local 5, and he has served as Local 5's Secretary-Treasurer since September 1, 2008.   As a member of Local 5, Clifford is also a participant in the Fund.  At all times relevant to this action, Clifford also served as a trustee on the board of trustees of the Fund, and therefore is a fiduciary with respect to

the Fund.  Clifford sues on his own behalf, on behalf of Local 5 and, with respect to the

ERISA claims, as a fiduciary of the Fund within the meaning of ERISA.

7.      Plaintiff TONY D. PIACENTE ("Piacente") is a natural person residing in

the New York County of Dutchess. At all times relevant to this action until August 31,

2008, Piacente served as the President of Local 5 and was a member of Local 5's

Executive Board.  At all times relevant to this action until August 31, 2008, Piacente

served as a trustee on the board of trustees of the Fund and had discretion with respect to

the operation of the Fund and, with others, had control over Fund assets, and therefore

was a fiduciary with respect to the Fund within the meaning of ERISA.


### NONPARTY ENTITIES

8.      The LOCAL 5 JOINT APPRENTICESHIP AND TRAINING

COMMITTEE ("Fund" or "JATC") is a collectively bargained apprenticeship fund

governed by ERISA and LMRA Section 302(c)(6). Its governing body is a Board of

Trustees composed of an equal number of representatives of employees and of

management. The Fund receives its revenues from employers, who make regular

payments into the Fund according to the terms of collective bargaining agreements

negotiated between various employers and Local 5. The Fund is headquartered in the

New York County of Orange.  The Fund provides apprenticeship training in the masonry

crafts.

### STATEMENT OF FACTS

During 2008 and 2009, the JATC training center in Newburgh, New York was

undergoing renovations.

9.      On May 20, 2009, while reviewing JATC bills related to the ongoing renovations, Clifford discovered a time sheet for a full week of work (40 hours) on the JATC renovation project by William Simmons for the week ending April 25, 2008.

10.     The time sheet was signed by renovation project supervisor, Brian Haley, not by Simmons.  During the dates covered by the timesheet, Simmons was attending union leadership training in Maryland and therefore could not have performed work on the JATC renovation in New York.

11.     Simmons is a personal friend and political ally of Piacente.

12.     Piacente instructed renovation project supervisor Brian Haley to create and submit the timesheet to the JATC for the week of April 25, 2008.  Piacente did this despite Simmons' attendance at union leadership training that week.

13.     Piacente caused a paycheck to be issued from the JATC based on the week of April 25 timesheet, dated May 1, 2008, in the amount of $957.53.

14.     Piacente signed the May 1, 2008 paycheck.  He also fraudulently signed Manny Valente's name on the check without Valente's authorization or knowledge.

15.     Pursuant to the Fund's governing documents and procedures, two signatures were required for payments from the Fund.  Piacente did not seek or obtain authorization from any other person for the Simmons payment.

16.     The JATC did not authorize payment for Simmons, or any other person, to attend union leadership training.

17.     Upon further investigation, Defendants discovered dozens of other JATC checks that Piacente caused to be issued, signed in his own name, and signed in another person's name without authorization.

18.     Local 5 owns a soft drink vending machine located at its offices in Newburgh, New York.  Between 2005 and July 2008, Local 5 receipts show soft drink purchases totaling $1,700.00 and reflect only a single deposit of $65.00 for proceeds of the vending machine. For the majority of that period, Piacente had exclusive control over the machine.

19.     In late 2006, Piacente purchased a computer for his personal home use using his Local 5 credit card.  Local 5's credit card was to be used for business purposes only.

20.     Piacente did not reimburse Local 5 for the computer, and did not return the computer to Local 5 when he left office August 31, 2008.  To date, he still has not returned the computer to Local 5 or reimbursed Local 5 for the expense.

**FIRST CLAIM FOR RELIEF**

**(Brought by Defendants Valente and Clifford For Breach of Fiduciary and other Statutory Duties in Violation of ERISA**

**§§ 404(a)(1)(A), 404(a)(1)(D))**

21.     Defendants Valente and Clifford incorporate by reference the allegations set forth in paragraphs 1-21 above, and claim as follows.

22.     By instructing Brian Haley to submit a renovation timesheet to the Fund relating to work allegedly performed by William Simmons during the week of April 25,

2008, when such work was not performed; by causing a paycheck to be issued on the basis of that timesheet; by signing the paycheck; and by forging a second signature on that paycheck, Piacente has breached his fiduciary duty to the Fund in numerous respects.

23.    By making the payment under circumstances that would render it unlikely that the payment would be examined, Piacente has breached his fiduciary duty to act in a manner consistent with the Fund's governing documents, and has breached his duties of loyalty and honesty to the Fund in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

24.    By using Fund assets for an unauthorized and improper purpose that is not for the sole and exclusive benefit of Fund participants, Piacente has breached his fiduciary duty of loyalty in violation of ERISA Sections 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

25.    By using Fund assets to pay for an unauthorized expenditure and by forging a second signature where two signatures were required, Piacente has breached his fiduciary duty to abide by the Fund's governing documents; thereby violating ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

26.    Regardless of the purpose of the expenditures, forging signatures on dozens of checks and thereby expending Fund assets for unauthorized expenditures, Piacente has breached his fiduciary duties of loyalty and honesty and to abide by the Fund's governing documents; thereby violating ERISA Sections 404(a)(1)(A) and 404(a)(1)(D), 29 U.S.C. §§ 1104(a)(1)(A) and 1104(a)(1)(D).

**SECOND CLAIM FOR RELIEF**

**(Brought By Defendants Valente and Clifford For Breach of Fiduciary and other**

**Statutory Duties in Violation of ERISA**

**§§ 406(a) and 406(b))**

27.     Defendants Valente and Clifford incorporate by reference the allegations set forth in paragraphs 1-27 above.


28.     By using Fund assets to pay for union leadership training and thereby conferring a benefit on Local 5, Piacente has breached his fiduciary duty to the Fund in violation of ERISA Section 406(a), 29 U.S.C. § 1106(a) by engaging in a prohibited transaction with a party in interest.

29.     By compensating William Simmons for attending union leadership training with Fund assets, Piacente has breached his fiduciary duty to the Fund in violation of ERISA Section 406(b), 29 U.S.C. § 1106(b) by self-dealing insofar as such compensation was made to Piacente's personal friend and political ally; and who later used the fact of the union leadership training as a campaigning tool when Simmons ran for office on a slate that was to include Piacente.


**THIRD CLAIM FOR RELIEF**

**(Brought By Defendant Local 5 For Breach of Fiduciary Duty in Violation of**

**LMRDA § 501(a))**

30.     Local 5 incorporates by reference the allegations set forth in paragraphs 1-30 above.

31.     As an officer of Local 5, Piacente occupied positions of trust in relation to Local 5 and to its members so as to be a fiduciary of Local 5.

32.     As a fiduciary of Local 5, Piacente owed Local 5 a legal duty under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401, *et seq.*, "to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder." 29 U.S.C. § 501(a). The fiduciary duties that Piacente owed to Local 5 encompassed his duty of undivided loyalty to Local 5 during his tenure as an officer of Local 5; the duty to exercise reasonable care to preserve Local 5's money and property during his tenure with Local 5; and a residual duty that continued after his tenure with Local 5 to ensure that records, documents, property and confidential information belonging to Local 5 were preserved, and that the transition of authority to his successors at Local 5 was accomplished without harm or loss to the organization.

33.     Through the actions and failures set forth above, Piacente violated his fiduciary duties under the LMRDA and in so doing harmed Local 5, through the following:

      a)     failing to exercise reasonable care in preserving Local 5's money, property and records during his tenure as an officer;

      b)     failing to return Local 5's property at the end of his term.

34.    Defendant Local 5 suffered damages legally (proximately) caused by Piacente's breach of his fiduciary duties owed to Local 5 under the LMRDA and in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

## (Brought By Defendant Local 5 For Breach of Fiduciary Duty Under New York Common Law)

35.    Defendant Local 5 incorporates by reference the allegations set forth in paragraphs 1-35 above.

36.    As an officer of Local 5, Piacente occupied positions of trust in relation to Local 5 and to its members so as to be a fiduciary of Local 5.

37.    As a fiduciary of Local 5, Piacente owed Local 5 a legal duty under New York Common Law. The fiduciary duties that Piacente owed to Local 5 encompassed his duty of undivided loyalty to Local 5 during his tenure as an officer of Local 5; the duty to exercise reasonable care to preserve Local 5's money and property during his tenure with Local 5; and a residual duty that continued after his tenure with Local 5 to ensure that records, documents, property and confidential information belonging to Local 5 were preserved, and that the transition of authority to his successors at Local 5 was accomplished without harm or loss to the organization.

38.    Through the actions and failures set forth above, Piacente violated his fiduciary duties under New York Common Law and in so doing harmed Local 5, through the following:

    a)      failing to exercise reasonable care in preserving Local 5's money,

                property and records during his tenure as an officer;

    b)      failing to return Local 5's property at the end of his term.

39.    Defendant Local 5 suffered damages legally (proximately) caused by
Piacente's breach of his fiduciary duties owed to Local 5 under New York Common Law
and in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Brought By Defendant Local 5 For Specific Recovery (Replevin) Under New York Common Law)

40.    Defendant  Local 5 incorporates by reference the allegations set forth in
paragraphs 1-40 above.

41.    During the time that Piacente served as an officer of Local 5, he had
custody of property owned by Local 5 that Local 5 was entitled to possess, including but
not limited to devices, records (including but not limited to financial and membership
records), and equipment (including but not limited to computer and communications
equipment), and documents.

42.    Local 5 is still the owner of the aforesaid property and has the right to
immediate possession of the property at the current time.

43.    Local 5 is informed and believes, and on that basis alleges, that Piacente
currently has possession or control of Local 5 property, including but not limited to
electronic data, membership records (including but not limited to lists of, or data
regarding, members and their addresses and/or e-mail addresses), files, and electronic

equipment. Local 5 has demanded of or has made it known to Piacente that he return all of his Local 5 property, but he has refused to do so.

44.     Local 5 seeks, pursuant to this claim for relief, the return of its property. In the alternative, if some or all of Local 5's property has been lost or destroyed, or for some other reason cannot be returned, Local 5 seeks an alternative money judgment in the form of compensatory damages for that portion that has been lost or destroyed, or for some other reason cannot be returned, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Brought By Defendant Local 5 For Conversion Under New York Common Law)

45.     Defendant Local 5 incorporates by reference the allegations set forth in paragraphs 1-45 above.

46.     Piacente converted property owned by Local 5 that Local 5 was entitled to possess to Piacente's own use, including but not limited to cash proceeds from vending machines, electronic data, financial and membership records, files, and electronic equipment, as well as a computer purchased on the Local 5 credit card.

47.     Local 5 is, and has been, the owner of the aforesaid property with the right to immediate possession of the property.

48.     Local 5 is informed and believes, and on that basis alleges, that Piacente currently has possession or control of Local 5 property, including but not limited to electronic data, membership records, files, and electronic equipment. Local 5 has demanded that Piacente return its property, but Piacente has refused.  As described above, with respect to the computer, Piacente used for his personal use, and kept in his home a

computer paid for by Local 5 purchased with a Local 5 credit card.  He failed to reimburse Local 5 for the expense of the computer, and failed, when he left office, to return the computer to Local 5.

49.     Piacente's continued possession or control over Local 5 property and refusal to return said property constitutes a substantial and unwarranted interference with Local 5's right to own and possess the property.

50.     Local 5 seeks, pursuant to this claim for relief, a money judgment in the form of compensatory damages for the property converted by Piacente in an amount to be proven at trial.

### PRAYER FOR RELIEF

51.     As remedies for the causes of action asserted above, Plaintiffs-in-counterclaim request judgment for:

1)     Declaratory relief in favor of Defendants on all counts;

2)     Constructive trust;

3)     Compensatory damages according to proof at trial;

4)     Reimbursement to the JATC for expenditures made via checks with a forged signature, whatever their purpose;

5)     Punitive damages according to proof at trial and as otherwise appropriate;

6)     Attorneys' fees and litigation expenses;

7)     Costs and expenses of this action; and

8)     Such other and further relief as the nature of Defendants cause may warrant and as the Court may deem just and proper.

Dated: Poughkeepsie, NY
      August 15, 2011              GELLERT & KLEIN, P.C.
                                      BY:

                                        ELIZABETH M. CORRADO (EC 3278)
                                        Attorneys for Defendants
                                        75 Washington Street
                                        Poughkeepsie, NY 12601
                                        (845) 454-3250